# Estate of John Ritchey, deceased. Appeal of John A. Ritchey et al.

*Decedent's estate—Statute of limitations tolled by filing an account.*

The filing of an account by an executor in the orphans' court, whether under the compulsion of a citation sur petition, or by voluntary act, tolls the running of the statute as to the fund brought into the court by the accountant in respect to claims presented before final adjudication.

Argued March 22, 1898. Appeal, No. 17, March T., 1898, by John A. Ritchey et al., from decree of O. C. Franklin Co., in distribution of the estate of John Ritchey, deceased. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Exceptions to auditor's report. Before SWOPE, P. J., of the 51st judicial district, specially presiding.

The facts sufficiently appear from the opinion of the court below, as follows :

John Ritchey died in Mercersburg, Penna., on the 24th day of September, 1895, leaving a last will and testament, bearing date April 8, 1889, of which he appointed Mary E. Ritchey and W. U. Brewer, executors.   Mary E. Ritchey died May 14, 1890. Hon. W. U. Brewer filed his first account of said trust, on the 9th day of April, 1896, which was duly confirmed by the orphans' court of Franklin county, on the 2d day of May, 1896, showing a balance in his hands for distribution of $4,812.12, and on the same day, George W. Atherton, Esq., was appointed auditor to make distribution of the same.   Before the auditor, the accountant asked to be surcharged with funds of the estate, collected since the filing of his account, which increased the balance in his hands for distribution to the sum of $7,093.17.

Hon. James O. Carson, of Mercersburg, died some years previous to the said John Ritchey, leaving a last will and testament, of which he appointed James W. Carson and John L. Carson, his two sons, executors.   John L. Carson lived in Nebraska, and James W. Carson was absent from Franklin county a considerable portion of his time.

The Carson estate was a large one, and its interests seemed to demand the care, attention and presence of a resident of Franklin county.   The executors, therefore, by verbal agreement, in 1876, appointed John Ritchey, above decedent, to manage said estate for them.   This obligation Mr. Ritchey assumed, and from 1876 to 1890 he seemed to have exercised almost the entire control of said estate.

He kept an account with said executors which he headed: "Account of John Ritchey with the executors of James O. Carson, dec'd."   This account is the only basis of the exceptant's claim in this distribution, and shows the receipts and disbursements of a large amount of money on account of said estate. The first charge in his account with said executors was made September 4, 1876, and the first credit September 5, 1876.   The account runs continuously from 1876 to 1890, and the last charge was made April 19, 1890, and the last. credit asked for was June 10, 1890.   The total charges in the account amounted to $34,502.09 and the total credits to $34,529.49.

On the 18th day of June, 1896, James W. Carson and John

L. Carson, executors of the will of James O. Carson, deceased, presented before Mr. Atherton, auditor aforesaid, a claim for $1,721.15 less reasonable commissions, for the balance in the hands of John Ritchey, the decedent, on money of said estate collected or received by him for said executors.

The only subject of complaint in this distribution is the auditor's rejection of this claim.

The auditor corrects some minor errors in the Ritchey account with said executors; he refused him commissions on certain funds upon which he charges the same, and he finds there were $28,346.92 passed through Mr. Ritchey's hands upon which he was entitled to commissions. That of this sum $13,853 was the proceeds of land sold, $5,210.25 judgments, etc., collected, and $9,283.67 receipts of rent, crops, income from stock, money at interest, etc. He allowed him a commission of three per cent on proceeds of land sold, five per cent on other receipts, and finds the estate of John Ritchey, deceased, indebted on account of his said agency, to the executors of James O. Carson's estate in the sum of $570.57.

With the exception of the qualification hereafter noticed, after a careful examination of the account of Mr. Ritchey and all the testimony bearing upon this contention, we find no error in any of the auditor's findings of fact, or in his allowance of commissions, or in his ascertainment of the balance due the Carson executors. And we therefore dismiss all the exceptions in reference to the same.

Following is the twentieth finding of facts by the auditor which we desire to qualify: "From all the evidence the auditor finds that Carson's executors had notice during each year of the agency and knew of the agent Ritchey's account, that is to say the amount of his annual receipts and disbursements, and this finding is based on all the evidence in the case."

After 1881, there is certainly no evidence in the case to justify a conclusion that the executors knew of the annual receipts and disbursement of their agent, that is, not as definitely and exactly, as this finding would assume. They received money from him at different times, and it would be reasonable to suppose, that in a general way, they had some knowledge of his agency. But the account itself clearly shows there was no annual settlement, that the agency went along continuously from year to

year without any settlement at any time, and after the year 1881, the evidence shows no other statement or presentation of his account to these executors or either of them, until in August, 1892.

The auditor refuses to distribute the sum of $570.57 to the Carson's executors, because, as he rules the claim was barred by the statute of limitations.

Following are his conclusions of law :

2. All the entries in the book A on both the debtor and creditor side of the account having been made more than six years before the presentation of the claim by Carson's executors to the auditor, the auditor is of the opinion that the statute of limitations is a bar to the claim.

4. The remedy of Carson's executors was at law, and to such action, had one been brought the statute of limitations would have been a bar. Pursuing their remedy in the orphans' court they are met by the doctrine of York's Appeal which makes the statute a bar with respect to a claim such as the one before the auditor.

5. This was an agency created by parol, and the agent was not a trustee such as was the case In re Bill, 34 Chan. Div. 462, and in Burdick v. Garrick, cited by counsel for the executors of Carson.

To this ruling by the auditor, counsel for the executors files several exceptions, the following only being pressed :

8. The auditor should have held that as the account of W. U. Brewer, executor of John Ritchey, the fund in whose hands is now for distribution, was filed in the register's office on the 9th day of April, 1896, and presented and confirmed by the orphans' court on the 2d day of May, 1896, and as the last receipt of moneys by the said John Ritchey, agent, was of the date of the 19th of April, 1890, and his last disbursement of the date of June 10, 1890, the statute of limitations is not a bar to the claim of the executors of James O. Carson; that the statute runs only from the termination of principal and agent.

10. The auditor should have held that, under the facts, the statute ran only from the termination of the relation of principal and agent; that the last transaction was on the 10th of June, 1890, and that six years had not run from that date at the time of the filing of the account of Ritchey's executor, or

at the presentation and confirmation by the orphans' court and therefore the statute was not a bar.

11. The auditor should have held that inasmuch as Ritchey acted as agent for Carson's executors as such, with knowledge that they were such, the statute of limitations does not run in his favor, and he is not entitled to its benefit.

Under the clear facts in this case we must sustain the eighth and tenth exceptions to the auditor's ruling.

In 1876 Mr. Ritchey became the agent of the executors of James O. Carson, deceased, in the management of said estate. It is true the agency was by parol authority, but the nature and character of his trust, as evidenced by Mr. Ritchey's own acts and account, is as apparent as if it had all been reduced to writing. He represented the executors, not in the collection of a few specified claims, but in the general management of the estate. His work and service under this agency involved a series of acts and duties during a number of years, continuous dealings involving numerous items, all connected with and bearing upon the one character of his employment, the management of this estate.

Under these conditions Mr. Ritchey could not have been sued by said executors, until this relation was dissolved or an accounting demanded. And for the same reason the estate of John Ritchey, deceased, cannot successfully urge the bar of the statute against the claim of said executors until six years after the termination of said agency or an offer of accounting. This rule governing the application of the statute of limitations, where the service involved a series of acts and duties or continuous dealings, for very apparent and wise reasons, is applicable alike to an attorney at law, an attorney in fact or an agent: Glenn v. Cuttle, 2 Grant, 273; McCoon v. Galbraith, 29 Pa. 293; Campbell v. Boggs, 48 Pa. 524; Norris's Appeal, 71 Pa. 106, 123; McCain v. Peart, 145 Pa. 516; Johnston v. McCain, 145 Pa. 531.

It appears from the account of Mr. Ritchey with these executors that on the 19th day of April, 1890, he entered the last charge against himself and on the 10th day of June, 1890, he made the last disbursement on account of his said agency. Hence, by his own admission, the agency was not dissolved at that time. There is no evidence showing an offer of account-

ing on his part, that is of a settlement of his agency, until in the summer of 1892, supposed to be in August, when he took the account in evidence before the auditor, to James W. Carson, one of the executors, and wanted him to sign it, which he refused to do.

This account in the John Ritchey estate was filed in the register's office of Franklin county, on the 9th day of April, 1896, and was confirmed by the orphans' court of said county on the 2d day of May, 1896. The filing of the Ritchey account, operated as an appropriation of the fund, to the persons who were thus entitled to it, and their claims became seated on the same : Hillborn's Estate, 5 Dist. Rep. 265; Taggert's Estate, 167 Pa. 467.

The claim of the executors of Carson's estate being in full vigor when the Ritchey account was filed, and the machinery for judicial action was thus set in motion, so far as the fund which it embraced was concerned, we are of the opinion that the learned auditor erred in applying the bar of the statute, and that he should have distributed the $570.57, which he found to be due them on settlement, to the said executors.

This position we do not consider as being at all in conflict with the doctrine ruled in York's Appeal, 110 Pa. 69, Keyser's Appeal, 124 Pa. 80, Reber's Appeal, 125 Pa. 20, Irwin's Estate, 133 Pa. 1, or Kline v. Seidel, 1 Pa. Superior Ct. 22.

The above disposition of this contention renders it unnecessary to consider the eleventh exception, but a word in reference to the same.

Under the facts in this case, we do not consider this position, so earnestly and ably pressed by the learned counsel for the exceptors, as well taken, because, while it was a trust, it was not such a trust, against which the statute of limitations could not be pleaded.

It is true that Mr. Ritchey accepted this agency from these executors knowing them to be executors, and that the moneys he was handling were trust funds. In support of their position the exceptors rely chiefly on Burdick v. Garrick, 5 Chan. App. Cas. 232, In re Bell, L. R. 34 C. D. (1886) 462, Soan v. Ashwell (C. A.), 1893, 20 Q. B. Div. 390, and In re Tidd, 3 Chan. Div. 154 (1893). The facts of the above cases differ very materially from the case in hand, and yet they would seem to

support the claim of the exceptors.    But in Pennsylvania, our courts have adopted the views of Chancellor KENT, who after reviewing the decisions on this subject, came to the following conclusion in Kane v. Bloodgood, 7 Johns. Ch. Rep. 90, 110 : " That the trusts intended by courts of equity not to be reached or affected by the statute of.limitations, are those technical and continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar and exclusive jurisdiction of a court of equity. . . . And he expressly refuses to give his assent to the proposition, that all cases of express and direct trusts, and arising between trustee and cestui que trust, are to be withdrawn from the operation of the statute of limitations where there is a clear and certain remedy at law: " Hostetter v. Hollinger, 117 Pa. 606 ; Finney v. Cochran, 1 W. & S. 112 ; Lyon v. Marclay, 1 Watts, 271 ; Man v. Warner, 4 Wharton, 455, 480 ; Zacharias v. Zacharias, 23 Pa. 452 ; Fleming v. Culbert, 46 Pa. 498 ; Campbell v. Boggs, 48 Pa. 524 ; Glenn v. Cuttle, 2 Grant, 273 ; Barton v. Dickens, 48 Pa. 518.

In the case at bar, without noticing other features in which it is wanting as a technical trust, suffice it to say, that these executors could have terminated their relation between them and their agent and demanded an accounting at any time they desired, when they would have had a full remedy at law against him.    It is not such a trust which is not cognizable at law and falls within the exclusive jurisdiction of a court of equity, and hence the statute would apply.

It is true in Pennsylvania equity is administered in common-law forms.    But under the above circumstances, the executors of Carson's estate could have brought an action at law against Mr. Ritchey, where equity and law are administered by separate tribunals.    The eleventh exception is dismissed.

We notice a conflict in the decrees of the court of March 19, 1897, in reference to the partial confirmation of the auditor's report, and to avoid all difficulty we refer the matter back to the auditor to make distribution in accordance with above opinion.

John A. Ritchey et al. appealed.

*Errors assigned* were (1) in not confirming the original report of the auditor.    (2) In confirming the amended report.    (3) In reversing the auditor's twentieth finding of fact, which was as

follows: "From all the evidence the auditor finds that Carson's executors had notice during each year of the agency and knew of the condition of the agent Ritchey's accounts, that is to say the amount of his annual receipts and disbursements, and this finding is based on all the evidence in the case." (4) In reversing the auditor's second conclusion of law, which was as follows: "All the entries in book A on both the debtor and creditor side of the account having been made more than six years before the presentation of the claim by Carson's executors to the auditor, the auditor is of opinion that the statute of limitations is a bar to the claim." (5) In reversing the auditor's third conclusion of law, which was as follows: "The remedy of Carson's executors was at law, and to such action, had one been brought, the statute of limitations would have been a bar. Pursuing their remedy in the orphans' court they are met by the doctrine of York's Appeal, which makes the statute a bar with respect to a claim such as the one before the auditor." (6) In entering the following decree: "We refer the matter back to the auditor to make distribution in accordance with above opinion." (7) In awarding to the executors of the will of James Carson, deceased, the sum of $570.57. (8) In holding that the statute of limitations was not a bar to the claim of Carson's executors.

*W. Rush Gillan*, with him *W. U. Brewer*, for appellants.— The statute of limitations began to run as soon as the right of action accrued. The right of action accrued the moment the money was received by John Ritchey.

It seems to us, that the doctrine that the filing of an account by an executor or an administrator is an appropriation of the fund embraced in the account to the persons then entitled to it and their claims become seated on the same is a relic of the inconsistent doctrine laid down in McClintock's Appeal, 29 Pa. 360, which was effectually exploded and overruled in York's Appeal, 110 Pa. 69. The filing of the account is wholly the act of the executors. The creditor has nothing to do with it. In this case he has not asked for a citation. He has done nothing. How can the act of the trustee of the fund be considered an action by the claimant? There is no move whatever made upon the part of the creditor. According to the theory expressed by

the court it would only have been necessary for Mr. Brewer to have delayed filing his account until the next term of court then he would have raised a complete bar to the recovery.

Neither the filing of the account, the confirmation of it nor the presentation of the claim to the auditor closes the running of the statute: Keyser's Appeal, 124 Pa. 80; Reber's Appeal, 125 Pa. 20; Irwin's Est., 133 Pa. 1.

A person who receives money to be paid to another, or to be applied to a particular purpose, and does not pay it to the person or apply it to the purpose is within the operation of the statute: Hostetter v. Hollinger, 117 Pa. 606; Lyon v. Marclay, 1 Watts, 271; Man v. Warner, 4 Wharton, 455, 480; Zacharias v. Zacharias, 23 Pa. 452; Fleming v. Culbert, 46 Pa. 498; Campbell v. Boggs, 48 Pa. 524; Glenn v. Cuttle, 2 Grant, 273; Barton v. Dickens, 48 Pa. 518.

Relying upon the above authorities we insist that the statute of limitations is applicable to this case.

If, however, the statute of limitations does apply and if we are wrong as to our position that only the adjudication of the claim by the court stopped the running of the statute, or rather if Judge Rowe be right in his position that the filing of the account stopped the running of the statute, then we say that all the items, except the last, are barred, because more than six years before the filing of the account: Adams v. Carroll, 85 Pa. 209; Ingram v. Sherard, 17 S. & R. 347; Mattern v. McDivitt, 113 Pa. 402.

If the statute of limitations be necessary to protect the living from stale claims, how much more so is it to protect the estates of the dead?

*D. Watson Rowe*, with him *J. Gilmore Fletcher* and *Henry P. Fletcher*, for appellee.—When the relation of principal and agent involves series of acts and duties, continuous dealings, the agent is not suable until the relation of principal and agent is terminated. In this respect there is no difference between an attorney at law and an attorney in fact or agent. And the statute only runs against the balance on the accounts of the agent from the termination of the relation: Campbell v. Boggs, 48 Pa. 524; Norris's Appeal, 71 Pa. 123; McCain v. Peart, 145 Pa. 516; Johnston v. McCain, 145 Pa. 531.

We contend that the relation of principal and agent was not terminated between Carson's executors and Ritchey until Ritchey exhibited his account for settlement in August, 1892, or at least until June 10, 1890, when Ritchey made the last disbursement on account of his agency. Until then he was still acting as agent.

The account of the executors of Ritchey was filed on the 9th day of April, 1896.

A claim against a decedent's estate in full vigor at the time the executors' account was filed is not barred by the statute of limitations: Hillborn's Estate, 5 Dist. Rep. 265; Taggert's Estate, 167 Pa. 467; Heller's Estate, 5 Dist. Rep. 205; Bartley's Estate, 6 Dist. Rep. 436; Arndt's Appeal, 117 Pa. 120; Chapman's Appeal, 122 Pa. 331; Reber's Appeal, 125 Pa. 20; Light's Appeal, 136 Pa. 211; 1 Daniel's Ch. Pr. (3d ed.) 667; Sterndale v. Hankinson, 1 Sim. 393; Forster v. McKenzie, 17 Beav. 414; Shewen v. Vanderhorst, 1 Russ. & Mylne, 347; Hammett's Appeal, 83 Pa. 392; Phillips v. Railroad Co., 107 Pa. 465.

Mr. Ritchey was acting as agent for Carson's executors, as such, knowing them to be executors, and that the moneys he was handling were trust funds.

An executor is an express trustee and cannot plead the statute against a cestui que trust: 13 Am. & Eng. Ency. of Law, 686; Etter v. Greenawalt, 98 Pa. 422.

An attorney or agent who collects trust moneys for or receives such moneys from an express trustee, knowing the same to be trust funds, is not entitled to the benefit of the act of limitations: Johnston v. Humphreys, 14 S. & R. 394; Burdick v. Garrick, 5 Chan. App. C. 232; In re Bell, 34 Chan. Div. (1886) 462; Soan v. Ashwell (C. A.), 1893, 2 Q. B. Div. 390; In re Tidd, 3 Chan. Div. (1893) 154; Hamman v. Jackson, 26 S. W. Rep. (Texas) 799; McGowan v. Bailey, 179 Pa. 470; Abbott v. Reeves, 49 Pa. 494; Claghorn's Estate, 181 Pa. 608, 615.

Our act is a copy of the English statute of James, and the English decisions have been regarded as authoritative and followed: Man v. Warner, 4 Whart. 455; York's Appeal, 110 Pa. 69; App v. Dreisbach, 2 Rawle, 287; McCandless's Estate, 61 Pa. 9; Eng. Jud. Act, 1873, 6 Jacob's Fisher's Dig. 8603.

OPINION BY PORTER, J., November 14, 1898:

John Ritchey, the decedent, had been from 1876 until 1890, the agent of the executors of the will of James O. Carson, for the general management of that estate.

Ritchey kept an account of the moneys passing through his hands. He died September 24, 1895. The executor of his will filed a first account in the office of the register, April 9, 1896. On May 2, 1896, this account was confirmed by the orphans' court, and an auditor appointed to make distribution.

Before the auditor the executors of Carson's will appeared and alleged that Ritchey had made an overcharge for compensation in his dealings with them. The auditor found a balance against Ritchey of $570.57 in favor of the claimants. The auditor, however, disallowed the claim because barred by the statute of limitations. On exceptions, the orphans' court reversed the auditor holding, in affirmance of an exception, that, as the account of W. U. Brewer, executor of John Ritchey, was filed in the register's office on the 9th of April, 1896, and presented to and confirmed by the orphans' court on the 2d of May, 1896, and as the last receipt of moneys by the said John Ritchey, agent, was of the date of the 19th of April, 1890, and his last disbursement of the date of June 10, 1890, the statute of limitations is not a bar to the claim of the executors of James O. Carson; that the statute ran only from the termination of the relation of principal and agent; that the last transaction was on the 10th of June, 1890; and that six years had not run from that date at the time of the filing of the account of Ritchey's executor, nor at the presentation and confirmation by the court, and therefore the statute was not a bar.

These rulings are the basis of the complaint of the appellant, and raise but the single question: Was the claim barred by the statute?

The first portion of the appellant's argument is directed to a finding of fact. The court below holds, reversing the auditor, that "after 1881, there is certainly no evidence in the case to justify a conclusion that the executors knew of the annual receipts and disbursements of their agent, that is, not as definitely and exactly as this finding would assume. They received money from him at different times, and it would be

reasonable to suppose that, in a general way, they had some knowledge of his agency. But the account itself clearly shows there was no annual settlement, that the agency went along continuously from year to year without any settlement at any time, and after the year 1881, the evidence shows no other statement or presentation of his account to these executors, or either of them until August, 1892." We rarely reverse the lower court on findings of fact. In this case the whole of the evidence has been examined by us, and we find no error to warrant a reversal.

It is, however, urged that "all of the items of Ritchey's agency account, except the last, are barred, because more than six years before the filing of the account." The claim of Carson's estate is not based wholly upon an account. The account in evidence was kept by Ritchey himself and showed a balance in his own favor. It was introduced as an admission, by its entries, of the continued relation of principal and agent up to a certain date. The claim is for an overcharge for services and commissions. The account covering a long period and containing many items, was a running account of an agent with a principal. The business involved many acts and duties. The dealings covered by the account were continuous. Under these circumstances no action could be brought against the agent until the termination of the relation of principal and agent. The statute runs only in such case from the time of the severance of the relation: Campbell v. Boggs, 48 Pa. 524; Norris's Appeal, 71 Pa. 123; McCain v. Peart, 145 Pa. 516; Johnston v. McCain, 145 Pa. 531.

By the account the relation still existed on June 10, 1890. The last item, showing a payment, bears that date. The executor's account, now under review, was filed April 9, 1896, confirmed May 2, 1896, and the claim presented before the auditor June 18, 1896. While the six years had not run when the account was filed, they had run before the claim was presented before the auditor. Was the pendency of the settlement of the account sufficient to toll the statute?

There can be no doubt that if the claimants had issued a writ at common law within the six years, or had presented their petition to the orphans' court for a citation to the executor of Ritchey's will to file an account, the statute would have been

tolled.   But why send a litigant into the common-law court, whence he must immediately return to the orphans' court in order to participate in the distribution of an estate already in court by the filing of an account?   He is compelled, in order to obtain any part of the fund in the hands of the executor, to proceed in the orphans' court, which alone has power to distribute the estate: Phillips, Adm'r, v. Railroad Co., 107 Pa. 465; Hammett's Appeal, 83 Pa. 392.

Again, why require the presentation of a petition for citation? The object of such a petition is to procure or compel the filing of an account.   If then, the sole purpose of the procedure is accomplished by the voluntary act of the executor in filing an account within six years from the creation of the creditor's claim, what good purpose is subserved by requiring the presentation of a petition?   It leads to absurdity.   An account is filed.   The danger of the expiration of six years before audit, menaces the creditor.   To keep his claim alive, he must file a petition for citation to file an account, which account has in fact been already filed.

The conclusion from which there can be no escape, is that the filing of the account by an executor in the orphans' court, whether under the compulsion of a citation sur petition, or by voluntary act, tolls the running of the statute as to the fund brought into court by the account in respect to claims presented before final adjudication.   This decision is intended to reach no further and runs counter to none of the tenets of York's Appeal, 110 Pa. 69, and kindred cases.

The decree of the court below is therefore affirmed.

SMITH and ORLADY, JJ., dissent.