In Re: Estate of A. Koonce, Balliet, Appellant.

Argued April 12, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*C. E. Brockway* of *Brockway & Whitla,* for appellant.

*W. J. Whieldon,* for appellee.

Opinion by Baldrige, J., July 14, 1932:

Alfred Koonce, the decedent, died August 3, 1927, intestate. The administratrix filed her account showing

a balance in her hands for distribution of $3107.56. Sara Slater presented a claim for services rendered, which was allowed by the auditor, and exceptions to the auditor's report were discharged by the learned court below.

This appeal involves the validity of that claim. The deceased, who was a bachelor, lived on a farm in Mercer County in the year 1908 when the claimant became his housekeeper. There is no evidence that any definite agreement was entered into as to the amount of compensation that she was to receive. She did the general housework, including cooking, sewing, and all the necessary work around the house, as well as some outside work about the farm. The claimant received certain moneys from time to time, but it is not clear whether the sum so received was payment on account of wages or to make purchases for the house. On January 4, 1921, the decedent moved to the Borough of Clarksville and about this time gave the claimant a note for $500 in payment for her services. She continued to render the same general character of work as she did on the farm, until August 25, 1925, when she became ill, and thereupon ceased working. The evidence clearly established the nature and extent of her services, which the auditor, on competent evidence, fixed as worth $12 per week. We find no reason to disturb his conclusions. His findings of fact, approved by the orphans' court, are entitled to the same weight as the verdict of a jury: Schwoyer's Est., 288 Pa. 541; Davies' Est., 289 Pa. 579.

We think it is, therefore, unnecessary to discuss any assignments of error, except the fourth and fifth, which relate to the statute of limitations. The auditor and the court concluded that the claim was not barred by the statute of limitations as it did not begin to run until the termination of the employment. We find ourselves at variance with this view. There is a line of cases holding that the statute does not begin to run

until the work is completed (Vanhorn v. Scott, 28 Pa. 316), or the services fully performed: Mosgrove v. Golden, 101 Pa. 605. That principle usually applies where work to be done or service to be performed is more or less definite. In the case at bar, the services, which were of a very general character, were rendered for a long, continuous period of time and the rate of compensation was uncertain. In such a situation, the law implies a promise to pay for the services at reasonable periods and an action may be brought during the course of rendition of the services to recover compensation. These parties never contemplated that the claimant would not be entitled to recover any money until the decedent's death. The undisputed testimony is that she made a demand upon the decedent for the payment of her services at different times and that he made promises to pay her. It is quite certain, therefore, that wages for her services were due from time to time and an action could have been brought to recover the same. That portion of her claim representing wages earned more than six years before the filing of the account is barred, therefore, by the statute of limitations, under our ruling in Ritchey's Est., 8 Pa. Superior Ct. 527. See also Hillborn's Est., 5 D. R. 265, wherein Judge PENROSE, whose opinions are always entitled to great respect, held that the filing of an account in Pennsylvania, until it is disposed of, has the effect of a pending suit and that the rights of creditors should be determined as of the date of filing the account.

The decree of the court below is affirmed, subject, however, to the modification that all of the account of the claimant accruing more than six years prior to the date of filing the account, to wit, the first day of December, 1928, is barred by the statute of limitations, and distribution is directed to be made in accordance herewith.