## Frascone's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

George J. Segal, for petitioner; Frank B. Brennan, for respondent.

HENDERSON, J., December 2, 1932.—This petition for an account avers the death of the decedent on April 13, 1925, and the probate of the will on April 21, 1925; that petitioner is a creditor for $105 for coal sold to the decedent in his lifetime; and that the inheritance tax affidavit dated December 22, 1926, specifies a coal bill for $150, the name of the creditor not being given.

The answer denies that the statement in the inheritance tax affidavit amounts to an acknowledgment of the debt, and avers that the claim is barred by the statute of limitations.

From the averments it will be seen that the coal was sold before April 13, 1925, which date is obviously more than six years before the citation was granted on September 30, 1932. It is urged, however, that the tax affidavit filed December 22, 1926, is within the six-year period, but an examination of this affidavit does not disclose the name of this creditor, the item being merely "coal $150." While we are of opinion that this could not operate to toll the statute, it should be pointed out that the claim for coal in the petition is for $105, while the item on the back of the tax affidavit is for $150 and the name of no creditor is mentioned. Manifestly, this could not operate to toll the statute.

There is no averment of anything which would toll the statute, hence the claim is barred and the claimant is not entitled to compel the filing of an account. See Penna. Co. et al. v. Ninth Bank and Trust Co., 306 Pa. 148.

Under the Act of May 2, 1925, P. L. 442, Sec. 1, all rights of actions which were not barred by the statutes of limitation at the time of death may be brought against executors or administrators within one year after the death of the decedent; and the granting of letters testamentary will not toll the statute; but the filing of an account has the effect of a pending suit and rights of creditors should be determined as of the date of filing: Hillborn's Estate, 5 Dist. R. 265; Ritchey's Estate, 8 Pa. Superior Ct. 527; Koonce's Estate, 105 Pa. Superior Ct. 539.

The petition is dismissed.