Maureen H. Cooley, Appellant *v.* East Norriton Township et al., Appellees.

Argued December 16, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*James J. Oliver, Wright, Manning & Sagendorph,* for appellant.

*Robert Redler,* with him *J. Edmund Mullin, Hamburg, Rubin, Mullin & Maxwell,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., October 19, 1983:

This is an appeal by Maureen H. Cooley (appellant) from an order of the Court of Common Pleas of Montgomery County sustaining preliminary objections in the nature of a demurrer to appellant's complaint in assumpsit.

The pertinent facts of this case, as set forth in the appellant's complaint,[1] are as follows. The appellant is the widow of Augustine K. Cooley, who was em-

---

[1] Preliminary objections in the nature of a demurrer admit as true every well-pleaded material fact set forth in the pleading to which the demurrer is addressed and all inferences reasonably deducible therefrom. *Monti v. City of Pittsburgh,* 26 Pa. Commonwealth Ct. 490, 364 A.2d 764 (1976).

ployed as a full-time police officer by East Norriton Township from May 1, 1961 to October 24, 1978. On that latter date, Officer Cooley died of causes unrelated to his duties as a policeman. During his tenure of approximately eighteen years with the police force, Officer Cooley was a member of the Township's police pension fund, the regulation and administration of which is governed by the provisions of East Norriton Township Ordinance No. 113.[2] Following the death of her husband, Mrs. Cooley applied to the Township Board of Supervisors for widow's benefits from the fund, but the Board denied her claim.

Thereafter, appellant instituted an action in assumpsit against the appellees, East Norriton Township and the Township Board of Supervisors. In response to her complaint, the appellees filed preliminary objections in the nature of a demurrer, which, following argument, were sustained by order of the court below dated November 6, 1981. In its opinion filed in support of that order, the court interpreted the applicable provisions of Ordinance No. 113 and concluded that, on the merits, appellant was not entitled to payments from the police pension fund.[3] Mrs. Cooley's appeal from the court's decision sustaining the preliminary objections is now before us.

---

[2] The ordinance was enacted pursuant to the provisions of the Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. §§767-778.

[3] The role of the trial court in ruling on preliminary objections in the nature of a demurrer is to determine whether or not the facts pleaded are legally sufficient to permit the action to continue. Where, as here, there is no factual dispute in the case, only a dispute over the interpretation of the law, it is appropriate for the court, in making such a determination, to interpret the applicable law and determine the merits of the claim. *Firing v. Kephart*, 466 Pa. 560, 353 A.2d 833 (1976). Our task on appeal is to determine whether the court's interpretation is correct. *Id.*

14

In order to determine whether the trial court correctly concluded that appellant is not entitled to the benefits she seeks, and accordingly, whether it properly sustained appellees' preliminary objections, we must examine the following provisions of the ordinance. First, we turn to Section 1, which prescribes the criteria a policeman in the employ of the Township must meet in order to be eligible for retirement from the force, and, concomitantly, to be eligible for the receipt of pension benefits. Subsection A, concerning retirement by reason of age and service, provides in pertinent part:

Each policeman who is employed by East Norriton Township on a full time basis who shall have 25 years of aggregate service with the Township and who shall have attained 55 years of age shall be entitled to retire and to receive pension or retirement benefits as hereinafter provided. Any policeman who was a member of the police pension fund prior to December 21, 1965 who shall have 20 years of aggregate service with the Township and who shall have attained 60 years of age shall be entitled to retire and to receive pension or retirement benefits as hereinafter provided.

In addition, subsection B of Section 1 provides for mandatory retirement and the payment of pension benefits in the case of full-time policemen who are totally and permanently disabled as the result of ''service-connected'' injuries. It is undisputed by the parties, however, that this provision is not relevant to the disposition of the instant matter.

The rights of surviving widows and children of Township policemen are set forth in Section 3 of the ordinance. The pertinent provisions of this Section are as follows:

A. *The surviving widow of any policeman employed by this Township on a full-time basis at the time of his death,* or of any policeman retired by reason of age and service, or disability, so long as said widow does not remarry shall be entitled to receive pension or retirement benefits as provided in this section.

. . . .

C. A widow eligible to receive benefits by reason of survivorship of a policeman shall receive a pension calculated at the rate of 50% of the pension or retirement benefits the policeman was receiving or *would have been receiving had he been retired at the time of his death.* (Emphasis added.)

The appellant's husband commenced his duties as a policeman on May 1, 1961, and became a member of the police pension fund on that date. Since he became a member of the fund prior to December 21, 1965, he would have been entitled, pursuant to Section 1A, to retire and receive retirement benefits upon the completion of 20 years of service and the attainment of 60 years of age. The appellant's complaint does not indicate the age at which her husband died; however, Officer Cooley had served less than 20 years with the Township, and therefore, regardless of his age, appellant's husband was not eligible for retirement and the receipt of pension benefits at the time of his death.

The appellant's claim of entitlement to widow's benefits is premised upon Section 3A of the ordinance. Officer Cooley was not retired ''by reason of age and service, or disability'' when he died, and therefore, appellant is clearly not qualified to receive such payments on this basis. She maintains, however, that she is eligible for widow's benefits by virtue

of the provision, "[t]he surviving widow of any policeman employed by this Township on a full-time basis at the time of his death . . . . shall be entitled to receive pension or retirement benefits. . . ." She asserts that this language entitles her to receive a pension, regardless of the fact that her husband was not eligible to retire when he died. Standing alone, this language may appear to grant appellant the right to receive disbursements from the police pension fund. We must, however, interpret this provision in context and with reference to the other pertinent provisions of the ordinance. *Snyder v. Department of Transportation*, 64 Pa. Commonwealth Ct. 599, 441 A.2d 494 (1982). Furthermore, in construing this language, we must presume that the drafters of the ordinance did not intend a result which is absurd or unreasonable. Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1).[4]

In order to interpret the provision upon which the appellant rests her claim, we must first examine the language found in Section 3C, providing that a policeman's widow shall receive a pension at the rate of 50% her husband "would have been receiving had he been retired at the time of his death." When read with reference to Section 1A, it is clear that this provision means the following: the wife of a policeman who, at the time of his death, *had not retired but was eligible to retire* pursuant to Section 1A, will receive benefits based on the amount her husband would have been receiving had he been retired at the time of his death. When read in this light, we conclude that the language of Section 3A, providing that "[t]he sur-

---

[4] These two principles are rules of statutory construction. The rules of statutory construction, however, are also applicable to ordinances. *Diehl v. The City of McKeesport*, 60 Pa. Commonwealth Ct. 561, 432 A.2d 288 (1981).

viving widow of any policeman employed by this Township on a full-time basis at the time of his death" is entitled to receive pension benefits, must likewise be construed to entitle a policeman's widow to receive benefits in the amount provided by Section 3C when her husband, at the time of his death, *had not retired but was eligible to do so. This provision does not grant pension benefits to the widow of a policeman who dies before he becomes eligible for retirement.*

This conclusion is strongly buttressed by Section 5 of the ordinance, which provides:

*Vesting:* The Township shall be the owner of all monies or property paid into the fund or annuities or policies purchased from insurance companies hereunder and the owner and designated beneficiary of any insurance and retirement income contracts acquired hereunder, and no participant prior to retirement shall have any right or interest in any portion of said monies or property, provided, however, that *each participant shall be entitled in the event of termination or discontinuance of his employment with the Township for reasons other than retirement or death to having returned to him the total amount of all such monies paid by him into the pension fund with interest calculated on an annual basis as such interest shall have been paid by the pension plan. If such termination or discontinuance of employment is due to death, such refund of money shall be paid to the participant's designated beneficiary or, in the absence thereof, to his estate.* (Emphasis added.)

In light of Section 5, to construe the pertinent language of Section 3A in the manner urged by appellant would produce the following absurd and un-

reasonable results. First, if we were to accept the appellant's position, the widow of a police officer who dies before eligibility for retirement would be entitled to receive widow's benefits. However, if a police officer leaves the employ of the Township (for reasons other than death) when he is ineligible to retire, he is entitled, pursuant to Section 5, to receive only a refund of his contributions to the police pension fund, plus interest. Furthermore, a widow in appellant's position, whose husband dies before eligibility for retirement, would have the right to receive *both* pension benefits pursuant to Section 3, and, if she is his beneficiary, a refund of her husband's contributions to the fund pursuant to Section 5. In contrast, an officer who is eligible to retire, and who retires, is entitled to receive retirement benefits: he is not entitled to receive pension benefits and a refund of his payments into the police pension fund as well. In short, the appellant asks us to construe the ordinance in a manner which confers greater rights upon the widow of a policeman than upon the police officer himself, and we decline to do so.

For the foregoing reasons, we hold that appellant is not entitled to receive widow's benefits from the East Norriton Township police pension fund. Assuming she is her husband's designated beneficiary, she is entitled only to a refund of all money paid by him into the police pension fund plus interest, pursuant to Section 5 of Ordinance No. 113.

The decision of the court below is affirmed.

ORDER

AND Now, the 19th day of October, 1983, the order of the Court of Common Pleas of Montgomery County at No. 81-3250, dated November 6, 1981, is hereby affirmed.