614 A.2d 338

**Deborah KERR, Appellant,**

v.

**BOROUGH OF UNION CITY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1992.

Decided Aug. 12, 1992.

22

James L. McAneny, for appellant.

Evan C. Rudert, for appellee.

Before CRAIG, President Judge, and DOYLE, PALLADINO, McGINLEY, PELLEGRINI, FRIEDMAN, and KELLEY, JJ.

PALLADINO, Judge.

Deborah Kerr (Widow) appeals from an order of the Court of Common Pleas of Erie County (trial court) which granted judgment on the pleadings in favor of Borough of Union City (Borough). We affirm.

Widow's husband (Decedent) was a Borough police officer from February 19, 1985 until January 14, 1990, when he was killed at age 32 in the line of duty. Widow applied for surviving widow pension benefits from the police pension fund maintained by Borough pursuant to Borough ordinance 877.[1] Widow's application was denied.

On May 28, 1991, Widow filed an action in mandamus to compel payment of the pension benefits. Borough filed an answer and new matter. On August 28, 1991, Borough filed a motion for judgment on the pleadings to which Widow replied. On November 18, 1991, the trial court, after oral argument,

---

1. Borough ordinance 877 was enacted pursuant to the provisions of the Act of May 29, 1956 (Act 600), P.L. (1955) 1804, *as amended*, 53 P.S. §§ 767–778.

entered judgment in favor of Borough. The trial court determined that Widow was not entitled to receive widow's pension benefits because Decedent was ineligible for pension benefits at the time of his death.

On appeal to this court, the issue raised by Widow is whether the trial court erred in granting Borough judgment on the pleadings and denying Widow's claim for widow's pension benefits. In reviewing a grant of judgment on the pleadings, our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Ithier v. City of Philadelphia,* 137 Pa.Commonwealth Ct. 103, 585 A.2d 564 (1991). A motion for judgment on the pleadings is in the nature of a demurrer in which all of the nonmovant's well-pleaded allegations are viewed as true, but only those facts specifically admitted by the nonmovant may be considered against him. *Id.* Such a motion may only be granted in cases where no material facts are at issue and the law is so clear that a trial would be a fruitless exercise. *E–Z Parks, Inc. v. Philadelphia Parking Authority,* 110 Pa.Commonwealth Ct. 629, 532 A.2d 1272 (1987), *petition for allowance of appeal denied,* 519 Pa. 656, 546 A.2d 60 (1988).

In the present case, the trial court, in determining that Widow was not entitled to widow's pension benefits, based its decision, in part, on its interpretation of Borough ordinance 877. Borough ordinance 877 provides, in pertinent part, as follows:

8. *Period of Service Required* —the minimum period of continuous service in the Borough Police Department after which members may be retired from active duty and entitled to a Pension hereunder is fixed at 25 years. The minimum age after which members may be retired from active duty and entitled to a Pension hereunder is 55 years. . . .

16. *Widow or Survivors* —The widow of a member of the Police Force of the Borough . . . *may,* during her lifetime . . ., be entitled to receive a Pension calculated at the rate of 50% of the Pension the member was receiving or *would*

*have been receiving had he been retired at the time of his death.*

Borough Ordinance 877 (emphasis added).

The trial court determined that Decedent's eligibility for pension benefits under section 8 of the ordinance was a condition precedent to Widow's eligibility for widow's pension benefits under section 16 of the ordinance. The trial court stated:

> In order for a widow to receive pension benefits through Ordinance 877, the member (here decedent) would have to be receiving benefits or *be eligible to receive benefits had he retired* at the time of his death.

Trial Court Op. at 3 (emphasis in original).

In construing the language of the Borough ordinance, the trial court looked to *Cooley v. East Norriton Township,* 78 Pa.Commonwealth Ct. 11, 466 A.2d 765 (1983), where this court interpreted a township ordinance which was enacted pursuant to Act 600 and which contained a provision for widow's pension benefits similar to that of Borough ordinance 877 in the present case.[2] *Cooley,* like the present case, involved the widow of a police officer who applied for widow's pension benefits from a township police pension fund. This court in *Cooley* held that the township pension ordinance did not provide for pension benefits to the widow because her husband died before he became eligible for benefits. The *Cooley* court, therefore, determined that a police officer's eligibility for pension benefits was a condition precedent to a widow's eligibility for pension benefits.

In the present case, Widow argues that the trial court erred in applying the analysis of *Cooley* to the present case because *Cooley* involved a police officer who died as a result of non-work related causes, whereas Decedent died in the line of

**2.** The provision of the township pension ordinance in *Cooley* is as follows:

A widow eligible to receive benefits by reason of survivorship of a policeman shall receive a pension calculated at the rate of 50% of the pension or retirement benefits the policeman was receiving or *would have been receiving had he been retired at the time of his death. Id.* at 15, 466 A.2d at 768 (emphasis in original).

duty. However, the fact that the police officer in *Cooley* died from non-work related causes was immaterial to the commonwealth court's interpretation of the township pension ordinance. Rather, the fact that the police officer in *Cooley* died before he became eligible for benefits was the key to the commonwealth court's interpretation of the ordinance and its determination that the police officer's widow was not entitled to pension benefits under the township ordinance. Therefore, the trial court did not err in applying *Cooley* to the present case.

Widow also argues that, in the alternative, if this court finds that the trial court correctly applied *Cooley* to the present case, then *Cooley* should be overruled because Widow alleges that the *Cooley* court did not consider the effect of section 1 of Act 600, 53 P.S. § 767, when deciding that case. Widow argues that the provisions of section 1 which provide for widow's pension benefits based on the pension that the deceased officer would have been receiving had he been retired at the time of his death require that retirement be assumed regardless of age and service, so that a widow would be entitled to widow's pension benefits even though the deceased officer was not actually eligible, himself, for pension benefits.

*Cooley*, while not specifically interpreting section 1 of Act 600, itself, addressed the provision in the township ordinance which mirrors section 1 of Act 600, and therefore indirectly considered the effect of section 1 of Act 600. Section 1 of Act 600 states in pertinent part:

> Each borough ... maintaining a police force of three or more full-time members shall ... establish, by ordinance or resolution, a police pension fund.... *Such fund shall be under the direction of the governing body of the borough ... and applied under such regulations as such governing body, by ordinance or resolution, may prescribe for the benefit of such members of the police force ... and may prescribe for the benefit (i) of widows ...* of members of the police force or of members retired on pension.... The widow of a member of the police force or a member who

retires on pension who dies ... *may* ... be entitled to receive a pension calculated at the rate of fifty per centum of the pension the member was receiving or would have been receiving had he been retired at the time of his death.

53 P.S. § 767 (emphasis added).

The provision in the township ordinance which mirrors section 1 of Act 600, as noted previously, is as follows:

A widow eligible to receive benefits by reason of survivorship of a policeman shall receive a pension calculated at the rate of 50% of the pension or retirement benefits the policeman was receiving or *would have been receiving had he been retired at the time of his death.*

*Id.* at 15, 466 A.2d at 768 (emphasis in original).

The *Cooley* court applied the above provision to the facts of that case as follows:

Officer Cooley had served less than 20 years with the Township, and therefore ... appellant's husband was not eligible for retirement and the receipt of pension benefits at the time of his death.

*Id.* at 15, 466 A.2d at 768.

Based on the ineligibility of appellant's husband, the *Cooley* court determined that widow's pension benefits were derivative, and that therefore appellant (widow) was not entitled to widow's pension benefits. The *Cooley* court did not interpret the above provision, which mirrors section 1 of Act 600, to mean that retirement should be assumed even though an officer, when he dies, is not eligible for retirement and the receipt of pension benefits.

Moreover, application of the *Cooley* interpretation of the township ordinance to section 1 of Act 600 is consistent with other pertinent provisions of Act 600. For example, Section 3 of Act 600, 53 P.S. § 769, mandates an age requirement of 55 years and a service requirement of 25 years before an officer can be eligible for retirement and the receipt of pension benefits. Therefore, it follows that a police officer must meet the age and service requirements for retirement and eligibility for pension benefits. It does not follow that retirement or pension eligibility should be assumed when a police officer

does not meet these requirements. Because Widow's argument that retirement should be assumed is inconsistent with Act 600 when read as a whole, because a statute should not be construed to produce an absurd or unreasonable result,[3] and because every statute should be construed to give effect to all of its provisions,[4] we find no merit in Widow's argument.

Finally, Widow argues that the trial court's interpretation of the Borough ordinance (i.e. that Widow was not entitled to widow's pension benefits) is inconsistent with section 1 of Act 600 because Widow interprets the word "may" in the aforementioned emphasized sentence of section 1 to be mandatory rather than discretionary.

When construing a statute, the starting point is the language therein; absent any evidence to the contrary, a statute's plain meaning must prevail. *Department of Environmental Resources v. City of Harrisburg*, 133 Pa.Commonwealth Ct. 577, 578 A.2d 563 (1990). Particularly significant in the present case is the fact that the legislature has used both the word "shall" and the word "may" in the same sentence, which suggests that the legislature intended "shall" and "may" to have separate meanings and not to be interchangeable. *In re: Columbia Borough*, 24 Pa.Commonwealth Ct. 190, 354 A.2d 277 (1976). Therefore, we conclude that the word "may" in section 1 is permissive and clearly manifests the legislative intent that the prescription of widow's benefits rests in the Borough's discretion. *See Commonwealth v. Garland*, 393 Pa. 45, 142 A.2d 14 (1958). Because the prescription of widow's pension benefits is discretionary and not mandatory, the trial court's determination that Widow is not entitled to widow's pension benefits is consistent with section 1 of Act 600.

It is undisputed that Decedent, at the time of his death, was 32 years old and had served as a Borough officer for approximately 6 years. From these facts it is clear that Decedent, at the time of his death, was not receiving, nor was he eligible to receive pension benefits because he had not met the age or

3. Section 1922 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922.

4. Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a).

service requirements of the ordinance. Therefore, in accordance with the provisions of the ordinance and *Cooley*, the trial court correctly determined that Widow was not entitled to receive widow's pension benefits.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, August 12, 1992, the order of the Court of Common Pleas of Erie County in the above-captioned matter is affirmed.