## Clay v. Erie Insurance Exchange

*P. Richard Wagner,* for plaintiff.
*James G. Nealon III,* for defendant.

QUIGLEY, *P.J.,* July 13, 1993—The plaintiff, Kathryn J. Clay, filed a complaint against the defendant, Erie Insurance Exchange, her insurance carrier to recover damages to her 1988 Pontiac Grand Prix and to recover costs of a rental car and storage expenses. The plaintiff's car was totaled while being driven by her son, Michael Wilson. The complaint states and is taken as true that Michael Wilson was operating the vehicle without permission, license, or privilege from the plaintiff. The defendant filed an answer with new matter. The new matter stated that on October 19, 1990, the plaintiff had executed an "exclusion of named-person" endorsement to her insurance policy naming her son, Michael L. Wilson, as the excluded person. A copy of this exclusion was attached and incorporated by reference to the answer with new matter. This exclusion stated that, "Erie shall not be liable for damages, losses or claims while an insured motor vehicle

is being operated by Michael L. Wilson." The document also states, "this exclusion also applies to the use of any other motor vehicle to which the terms of the policy would ordinarily be extended and applies whether or not such operation was with the express or implied permission of a person insured under this policy." The plaintiff then replied to this new matter by admitting in part and denying in part the allegation. The plaintiff admitted that the exclusion of named-person clause was executed by the plaintiff. However, the rest of the reply goes on to state,

"It is denied that damages, losses of claims would not be covered when the operation by Michael L. Wilson was without express permission or implied permission, and further, it is denied that coverage is not applicable when Michael L. Wilson, without permission, stole the vehicle. The defendants then made a motion for judgment on the pleadings."

It is our opinion that defendant's motion for judgment on the pleadings should be granted. "A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law." *Kelly v. Nationwide Insurance Company*, 414 Pa. Super. 6, 9, 606 A.2d 470, 471 (1992).

"A motion for judgment on the pleadings is in the nature of a demurrer in which all of the nonmovants well-pleaded allegations are viewed as true, but only those facts specifically admitted by the nonmovant may be considered against him.... Such a motion may only be granted in cases where no material facts are at issue and the law is so clear that a trial would be a fruitless exercise."

*Kerr v. Borough of Union City,* 150 Pa. Commw. 21, 24, 614 A.2d 338, 339 (1992). (citation omitted)

In the instant case, even if all of the plaintiff's allegations are taken as true, the plaintiff still admitted to executing the exclusion of named-person clause, naming Michael L. Wilson as an excluded driver for her insurance policy. This exclusion specifically states that Erie is not liable for damages while insured motor vehicle is being operated by Michael L. Wilson. This exclusion also specifically states that it applies whether or not the operation of the vehicle was with express or implied permission of a person insured under the policy.

However, the plaintiff denies that damages would not be covered when Michael L. Wilson operated the vehicle without express permission or implied permission.

"The principles governing the interpretations of insurance contracts in Pennsylvania are well settled. The goal of interpreting an insurance contract is to ascertain the intent of the parties as manifested by the language of the written instrument.... The reasonable expectations of the insured are the focal point in reading the contract language.... Where the language of the contract is clear and unambiguous, a court is required to give effect to that language.... [The] clear meaning of language cannot be ignored by the judiciary.... Where the language of a contract is ambiguous, the insured receives the benefit of the doubt, and the language at issue is interpreted in his favor.... Language in an insurance policy should be given its ordinary meaning, unless it is clear that some

other meaning was intended by the parties...." *Koenig v. Progressive Insurance Company,* 410 Pa. Super. 232, 236, 599 A.2d 690, 691-92 (1991). (citations omitted)

In *Rothstein v. Aetna Insurance Company,* 216 Pa. Super. 418, 268 A.2d 233 (1970), the insurance carrier also had an exclusion clause which stated that carriers are not covered under the policy. The plaintiff was trying to assert that their manufacturer's representative who transported the jewelry to different communities in his sales area was not covered under the term carriers and therefore they were entitled to proceeds from the insurance policy. *Id.* at 420-21, 268 A.2d at 234. The court applied the ordinary meaning of the word carrier. *Id.* at 423, 268 A.2d at 235. The court stated that a carrier was a bearer or a messenger and that the term clearly encompassed a manufacturer's representative who "carries" jewelry to different communities in his sales areas. *Id.* at 423, 268 A.2d at 236. In the present case, the exclusion clause seems to clearly indicate that the policy would not cover damages while a motor vehicle was being operated by Michael L. Wilson whether or not the use was permissive.

In *Leidy v. Deseret Enterprises Inc.,* 252 Pa. Super. 162, 381 A.2d 164 (1977), the plaintiffs brought a cause of action against a health spa for injuries sustained by the wife at the spa. The spa then answered with new matter.

"The spa's new matter pleaded that the contract contained an exculpatory clause, which if valid, would be a complete defense to the suit. The Leidys' reply specifically denied the validity of the clause, asserting that it was unconscionable. This denial should have precluded

the entry of judgment on the pleadings." *Id.* at 173, 381 A.2d at 170.

Therefore, if a defense is presented against the exclusion of named-person clause, judgment on the pleadings is precluded. However, plaintiffs present no such defense. They merely state that the exclusion clause does not apply to non-permissive use of the vehicle by Michael L. Wilson. The plaintiffs do not contend that this clause is unconscionable, nor do they state that this clause was executed under duress. In essence, they say that non-permissive use should be covered, but do not give any indication as to why. On top of this, the plaintiff admits to executing this exclusion of named-person clause.

The exclusion of named-person clause operates to relieve Erie of any liability for damage as a result of an accident while Michael L. Wilson was driving the insured vehicle. The plaintiff admits to executing this agreement. With no defense to this agreement presented, the exclusion of named-person clause stands as true. Therefore, there is no dispute as to a material fact. Since there is no dispute as to a material fact and as a matter of law the exclusion of named-person clause relieves Erie of liability for the accident, the defendant's motion for judgment on the pleadings should be granted.

### ORDER

And now, July 13, 1993, for the reasons set forth in the within memorandum, defendant's motion for judgment on the pleadings is granted and the complaint dismissed.