**Walker v. Winner International Inc.**

*Joshua Perlman,* for plaintiff.
*Albert N. Peterlin,* for defendants.

COX, *J.,* August 4, 2008—Before the court for disposition are the motion for judgment on the pleadings filed on behalf of defendants Winner International Inc. and Winner Hotel Corporation and the cross-motion for judgment on the pleadings filed on behalf of plaintiff Carbis Walker LLP. Both motions raise the issue of whether the statute of limitations bars plaintiff's claims based on invoices created prior to June 7, 2002. Plaintiff asserts that the contract between the parties is a continuing contract and defendants sent plaintiff a letter acknowledging the debt and promising payment, which tolled the statute of limitations.[1] Defendants contend that the con-

_____

1. It must be noted that in the cross-motion for judgment on the pleadings plaintiff initially argued that a six-year statute of limitations

tract between the parties was not a continuing contract and the acknowledgment doctrine does not apply; thus, the four-year statute of limitations period has expired.

Defendants hired plaintiff, a certified public accounting and consulting firm, to prepare its income tax returns and perform other tax advisory services. This agreement was formalized through engagement letters, which provided that "billings are due upon submission, and invoices not paid after 30 days will be subjected to a 1-1/4 percent service charge." Plaintiff performed all the services required under the agreement and attempted to claim any outstanding amounts due from defendants in August 2002. Plaintiff sent multiple invoices during the period of June 15, 2000 until May 10, 2002. Defendants' CFO Charles R. Miller made assurances in a letter and e-mail[2] that the past due amounts owed to plaintiff would be paid. Defendants have failed to pay the amount owed and plaintiff filed suit on June 7, 2006, asserting breach of contract and unjust enrichment claims.

Pa.R.C.P. 1034(a) permits any party to move for judgment on the pleadings after the relevant pleadings are closed, but within such time as not to unreasonably delay the trial of the case. A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must

period applied to the case at hand; however, plaintiff reversed its thinking on this matter and now agrees that a four-year statute of limitations period applies.

2. The e-mail was dated December 10, 2002.

confine its consideration to the pleadings and relevant documents. *Kelly v. Hazleton General Hospital,* 837 A.2d 490 (Pa. Super. 2003); *Miller v. Nelson,* 768 A.2d 858 (Pa. Super. 2001). The opposing party's well-pleaded allegations are viewed as true, but only those facts that are specifically admitted by the objecting party may be weighed against him. *Goldsmith v. City Council of the City of Easton,* 817 A.2d 565 (Pa. Commw. 2003); *Kerr v. Borough of Union City,* 150 Pa. Commw. 21, 614 A.2d 338 (1992). Such a motion may only be granted in cases where no material facts are at issue and the law so clear that a trial would be a fruitless exercise. *Kerr v. Borough of Union City, supra.*

The first issue raised by defendants is that the agreement reached by plaintiff and defendants is not a continuing contract. Plaintiff asserts that the agreement is a continuing contract and the statute of limitations has been tolled.

The statute of limitations period for a breach of contract claim is four years. 42 Pa.C.S. §5525. "Where the contract is a continuing one, the statute of limitations runs from the time when the breach occurs or when the contract is in some way terminated." *Cole v. Lawrence,* 701 A.2d 987, 989 (Pa. Super. 1997) (citing *Thorpe v. Schoenbrun,* 202 Pa. Super. 375, 378, 195 A.2d 870, 872 (1963)). A continuing contract occurs where services are rendered over a continuous period of time. *In re Koonce's Estate,* 105 Pa. Super. 539, 542, 161 A. 578, 579 (1932). In order for a contract to be continuing the services have to be provided with no fixed time for payment or were rendered under multiple separate contracts. *Thorpe v.*

*Schoenbrun,* 202 Pa. Super. 375, 378, 195 A.2d 870, 872 (1963). For the purposes of computing the statute of limitations, a contract is continuing when there is no fixed time for payment or termination of the services. *Id.*

Clearly, the courts have extended the continuing contract concept to professional service contracts. In *Dean v. Township of Bensalem,* 26 D.&C.3d 154 (1983), the court held that it was appropriate for the trial court to instruct the jury that a contract for services between a solicitor and a township was a continuing contract, even though the solicitor was reappointed on a yearly basis. Also, in *Thorpe, supra,* the court held that it was appropriate for the jury to decide that a contract between a doctor and patient for medical services was a continuing contract as the doctor provided several medical treatments for various ailments and later sent out invoices stating the amount that the patient owed. The court reasoned that the doctor was hired for an extended period of time for continuous services to preserve the patient's eyesight, so the treatments were related; thus, a continuing contract had been formed between the parties. *Thorpe,* 202 Pa. Super. at 380, 195 A.2d at 873.

In the case sub judice, the parties entered into a professional services agreement, which mandated that plaintiff provides tax advisory and preparation services to defendants. Plaintiff was to provide defendants with invoices declaring the payment amount due for services rendered and defendants were to pay that amount within 30 days or incur a 1-1/4 percent service charge. Defendants claim that the date on the invoice demonstrates that there was

a fixed time for performance and the contract was not continuing; however, the date on the invoice indicates the date when the invoice was published by plaintiff and not the date on which defendants' performance was required. In fact, defendants could have made payments after the 30-day time limit, but would have incurred the service charge. Moreover, there was no fixed time for performance as plaintiff had to perform its obligations first and then it would send an invoice indicating the work done and the payment due. This is the type of professional services contract that the courts in *Dean* and *Thorpe* held were continuing contracts. Therefore, a continuing contract was formed, which tolls the statute of limitations period.

The next issue presented is whether the acknowledgment doctrine applies to further toll the statute of limitations in the current matter. "To toll the statute of limitations, there must be a clear and unequivocal acknowledgement of the debt, and a specification of the amount or reference to something by which the amount can be definitely ascertained, coupled with an express or implied promise to pay." *Markee v. Reyburn,* 258 Pa. 277, 282, 101 A. 993, 994 (1917) (citing *Ward v. Jack,* 172 Pa. 416, 33 A. 577 (1896)). In order for the acknowledgment doctrine to apply, there must be a new promise that plainly identifies the amount of the debt in question or makes reference to something from which the amount can be precisely ascertained. *Hazlett v. Stillwagen,* 23 Pa. Super. 114 (1903). There can be no uncertainty in the acknowledgment and identification of the debt. *Gurenlian v. Gurenlian,* 407 Pa. Super. 102, 114, 595 A.2d 145, 151 (1991). It must be noted that the acknowledgment must be similar to a

promise to pay on demand, not just a mere willingness to pay. *Id.* "A simple declaration of an intention to discharge an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise." *Id.*

The application of the acknowledgment doctrine is demonstrated in *S.T. Hudson Engineers Inc. v. Camden Hotel Development Associates,* 747 A.2d 931 (Pa. Super. 2000). In that case, the appellee performed various engineering services at the direction of, and on behalf of, the appellants. The appellants were billed regularly for the services and perpetually carried an unpaid balance. Eventually, the appellants received an invoice demanding payment on the outstanding balance. The appellants sent a reply letter acknowledging the debt and proposed a modification of the payment terms, which was accepted and relied upon by the appellee. The appellee later demanded payment, but the appellant did not provide the same. The court held that the statute of limitations was tolled as the acknowledgment doctrine was applicable because it was clear that the appellants promised to pay the debt and that was relied upon by the appellee. *Id.,* 747 A.2d at 935.

In the case at hand, defendants sent a letter and an e-mail stating that plaintiff would be paid for the past due amount for the tax services and invoices sent during calendar years of 2001 and 2002. In fact, Charles R. Miller declared that plaintiff would be paid according to a timetable that he would later discuss with plaintiff. This is a clear and unequivocal indication that defendants were willing to pay the debt owed in accordance with the timetable that would be enacted by the parties. The

amount *to* be paid was readily ascertainable from reviewing the past invoices and applying the accelerated interest rate for the late payments. There can be no uncertainty that defendants acknowledged the debt and clearly indicated a willingness to pay the same. Thus, plaintiff's claims are not time barred as the acknowledgment doctrine tolls the four-year statute of limitations period in this case.

In accordance with the reasons set forth in this opinion, defendants' motion for judgment on the pleadings is denied and plaintiff's cross-motion for judgment on the pleadings is granted.

## ORDER

Now August 4, 2008, this case being before the court on June 30, 2008, for oral argument on the motion for judgment on the pleadings filed by the defendants and the cross-motion for judgment on the pleadings filed by the plaintiff, with both parties appearing, the plaintiff, Carbis Walker LLP, represented by counsel, Joshua Perlman, Esquire and the defendants, Winner International Inc., a Pennsylvania corporation and Winner Hotel Corporation, a Pennsylvania corporation, represented by counsel, Albert N. Peterlin, Esquire and after consideration of the arguments and briefs presented and submitted by counsel, and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

(1) In accordance with the attached opinion, the motion for judgment on the pleadings filed by the defendants is hereby denied.

(2) The court grants the cross-motion for judgment on the pleadings filed by the plaintiff and against the defendants strictly as to the issue of the statute of limitations defense, as pleaded.

(3) The court finds that the plaintiff timely filed its continuing contract and unjust enrichment claims in June 2006.

(4) The prothonotary is directed to serve a copy of this order of court upon counsel of record, Joshua Perlman, Esquire and Albert N. Peterlin, Esquire.