**Bowlen v. Wertz**

312

C.P. of Lawrence County, no. 10894 of 2009.

*David A. Mascio* and *Christopher A. Papa,* for plaintiff.
*Susan M. Papa,* for defendant.

COX, *J.,* June 1. 2010—Before the court for disposition is the motion for judgment on the pleadings filed on behalf of the plaintiff Brett G. Bowlen, which argues that the defendant Cindy Wertz is required to return her engagement ring to the plaintiff because they are no longer engaged and they failed to marry.

The following facts have been established thus far through the pleadings: The plaintiff, who now resides at 173 Capital Drive, Weirton, West Virginia, entered into an exclusive relationship with the defendant, who now

resides at 222 South Market Street No. 2, New Wilmington, Lawrence County, Pennsylvania, in January of 2000. After nearly five years of courtship, the plaintiff proposed marriage to the defendant on November 10, 2005, which she accepted. Subsequently, on November 19, 2005, the plaintiff purchased a 2.02 carat, cut corner square brilliant diamond engagement ring at Joyce's Fine Jewelry Inc., located at Northpointe Plaza, 160 N. Pittsburgh Street, Uniontown, Fayette County, Pennsylvania, for the amount of $10,600. Initially, the plaintiff made a $3,000 deposit on the engagement ring. The plaintiff eventually gave the ring to the defendant. However, on July 20, 2008, the parties ended their relationship and the plaintiff requested that the defendant return the engagement ring to him. The defendant agreed to do so, but stated that she would have to retrieve the engagement ring from her mother's safe deposit box. The defendant failed to return the engagement ring to the plaintiff and the plaintiff has an outstanding balance on the engagement ring of $5,100. The plaintiff also claims that the engagement ring has a fair market value of $18,800, but that has been disputed by the defendant.

The plaintiff filed suit on May 29, 2009, and initially asserted a cause of action in breach of contract. Eventually, the plaintiff filed a motion for judgment on the pleadings seeking return of the engagement ring; however, this court denied that motion stating that the plaintiff failed to aver a cause of action in replevin and there was still an outstanding issue of fact as to the value of the engagement ring. The plaintiff subsequently amended his complaint and established claims for breach of contract and replevin. The defendant has filed a counterclaim requesting damages in the amount of $1,000 for a

wedding ring she purchased for the plaintiff. In response, the plaintiff has admitted that the defendant purchased the wedding ring, but he lacks sufficient knowledge as to the value of the same. The plaintiff has now filed this motion for judgment on the pleadings seeking possession of the engagement ring.

Pa.R.C.P. 1034(a) permits any party to move for judgment on the pleadings after the relevant pleadings are closed, but within such time as not to unreasonably delay the trial of the case. A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. *Kelly v. Hazleton General Hospital,* 837 A.2d 490 (Pa. Super. 2003); *Miller v. Nelson,* 768 A.2d 858 (Pa. Super. 2001).

A motion for judgment on the pleadings is in the nature of a demurrer wherein the opposing party's well-pleaded allegations are viewed as true, but only those facts that are specifically admitted by the objecting party may be weighed against him. *Goldsmith v. City Council of the City of Easton,* 817 A.2d 565 (Pa. Commw. 2003). Courts may not consider inadmissible evidence in determining a motion for judgment on the pleadings. *Hammerstein v. Lindsay,* 440 Pa. Super. 350, 655 A.2d 597 (1995). Such a motion may only be granted in cases where no material facts are at issue and the law is so clear that a trial would be a fruitless exercise. *Kerr v. Borough of Union City,* 150 Pa. Commw. 21, 614 A.2d 338 (1992).

The Pennsylvania Supreme Court has clearly established that a plaintiff who provides an engagement ring to a defendant is entitled to have that engagement ring returned if the parties do not get married. *Lindh v. Surman,* 560 Pa. 1, 742 A.2d 643 (1999). In *Lindh,* the plaintiff proposed marriage to the defendant and presented her with a diamond engagement ring. The defendant accepted his marriage proposal; however, they eventually broke the engagement and the plaintiff requested that the defendant return the engagement ring and she complied. The parties later reconciled and the plaintiff again proposed marriage, which was accepted by the defendant. The plaintiff ended the engagement for a second time and asked the defendant to return the engagement ring, which the defendant refused to do. The plaintiff filed suit claiming he was entitled to have the engagement ring returned and, if the engagement ring was not returned, he was entitled to the fair market value of the same.

First, the *Lindh* court contemplated whether Pennsylvania courts should consider who was at fault for ending the engagement when determining which party was entitled to possession of an engagement ring. The court decided that awarding possession of an engagement ring based on fault is unfeasible. *Id.,* 560 Pa. at 7, 742 A.2d at 646. The court stated, "A ring-return rule based on fault principles will inevitably invite acrimony and encourage parties to portray their ex-fiancèes in the worst possible light, hoping to drag out the most favorable arguments to justify, or to attack, the termination of an engagement." *Id.* Thus, the *Lindh* court adopted the no-fault approach in engagement ring cases, which means that the donor of the engagement ring is always entitled

to have the engagement ring returned, even if the donor terminates the engagement. *Id.,* 560 Pa. at 7-8, 742 A.2d at 646-47. Therefore, the court held that the plaintiff was entitled to possession of the engagement ring, even though he ended the engagement. *Id.*

In the case sub judice, it has been admitted by the defendant that the parties were engaged and that the plaintiff provided her with a diamond engagement ring. It is also admitted that the engagement ended. Although, the plaintiff averred that the engagement was ended by mutual consent and the defendant insists that the plaintiff ended the engagement, this dispute is of no consequence. The *Lindh* court adopted the no-fault approach in deciding who is entitled to possession of an engagement ring. Therefore, the donor of the engagement ring, in this case the plaintiff, is entitled to possession of the ring, regardless of which party ended the relationship. As a result, there is no question of fact as to whom is entitled to possession of the engagement ring.

It must be noted that the defendant did not admit to the value of the engagement ring stated in the appraisal attached to the complaint. However, the plaintiff has expressed a desire to have the ring returned and amended his complaint to include a claim for replevin. The court agrees that the plaintiff is entitled to possession of the ring. Thus, the court grants the plaintiff's motion for judgment on the pleadings and the defendant is required to return the diamond engagement ring to the plaintiff. If the defendant refuses or is unable to return the engagement ring, the plaintiff may proceed to seek monetary damages for the value of the ring.

For the reasons set forth in this opinion, the plaintiff's motion for judgment on the pleadings is granted.

## ORDER

Now June 1, 2010, this case being before the court on May 24, 2010, for oral argument on the motion for judgement on the pleadings filed by the plaintiff, with both parties appearing, the plaintiff, Brett G. Bowlen, represented by counsel, David A. Mascio, Esquire and Christopher A. Papa, Esquire and the defendant, Cindy Wertz, appearing through her counsel, Susan M. Papa, Esquire and after a consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

(1) In accordance with the attached opinion, the motion for judgement on the pleadings filed by the plaintiff is hereby granted.

(2) The prothonotary of Lawrence County shall enter judgement in favor of the plaintiff, Brett G. Bowlen and against the defendant Cindy Wertz on the issue of liability.

(3) The defendant Cindy Wertz is hereby ordered to return the diamond engagement ring which is the subject of this lawsuit to the plaintiff within thirty days of the date of this order of court.

(4) The prothonotary is directed to serve a copy of this order of court upon counsel of record.