# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walid Esmat Mitwalli, : 
          Petitioner : 
   : No. 240 M.D. 2023
       v. : 
   : Submitted: July 5, 2024
PA Department of Corrections, : 
Laurel Harry, Secretary, DOC Central : 
Office Business Manager, et al., : 
          Respondents : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge


## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                       **FILED: September 3, 2024**

Walid Esmat Mitwalli (Petitioner), proceeding _pro se_, has filed a petition for review in our original jurisdiction, challenging deductions made from his inmate account on the grounds that a sentencing order, issued in a related criminal matter, deferred these deductions until after his release from custody.[1] The Pennsylvania Department of Corrections (DOC), Secretary of Corrections Laurel Harry, and DOC's Central Office Business Manager (collectively "Respondents")[2]

---

[1] Although styled a petition for mandamus, our Supreme Court has instructed that similar actions do not sound in mandamus. _See Curley v. Smeal_, 82 A.3d 418 (Pa. 2013); _see also, e.g._, _Morgalo v. Gorniak_, 134 A.3d 1139, 1145 (Pa. Cmwlth. 2016) (_en banc_) ("[Mandamus] cannot be the basis upon which this Court may order [DOC] to stop the deductions and return previously-deducted [sic] funds.").

[2] Petitioner has not identified other respondents.

have filed an application for summary relief and seek judgment on the pleadings. For the reasons discussed below, we grant the application and dismiss Petitioner's petition with prejudice.

## I. BACKGROUND[3]

On July 25, 2016, the Montgomery County Court of Common Pleas (trial court) sentenced Petitioner to a term of 15 to 40 years and pay the costs of his prosecution.[4] Petitioner is incarcerated at the State Correctional Institution at Waymart (SCI-Waymart).

In October 2016, DOC informed Petitioner that it would begin deducting funds from his inmate account to pay those costs or fines associated with his sentence.[5] On December 10, 2016, DOC commenced deductions from Petitioner's account. Petitioner has filed several unsuccessful grievances challenging these deductions.[6]

Petitioner initiated this action on May 10, 2023. Petitioner maintains that his sentencing order deferred deductions until after his incarceration and that DOC misinterpreted his sentencing order by taking deductions prematurely. He seeks an order directing DOC to cease deductions from his inmate account and issue credit to the trial court for moneys collected to date.

---

[3] Except as otherwise indicated, we derive this background from the pleadings and attachments thereto.

[4] *See* Docket No. CP-46-CR-0006888-2013.

[5] Pursuant to 42 Pa.C.S. § 9728, most commonly referred to as "Act 84," DOC has the authority to make deductions from an inmate's account. Section 3 of the Collection of Inmate Debts Procedures Manual prescribes the procedures by which DOC will collect monies. DC-ADM 005 §3. Inmates wishing to challenge the deductions must file a grievance within 15 working days of DOC's Notice of Deduction Memo. *Id.*

[6] Petitioner filed related grievances in November and December 2016. *See* Resp'ts' Answer & New Matter, 6/21/23, Exs. C & E. Additionally, Petitioner filed a grievance in January 2023. *See* Pet. for Rev., 5/22/23, ¶¶ 6,7.

The parties filed responsive pleadings. Thereafter, on September 28, 2023, Respondents filed an application for summary relief.

## II. ISSUES

Respondents present two issues for our consideration. First, Respondents assert that Petitioner's claim is barred by the statute of limitations. Resp'ts' Br. at 3. Second, Respondents claim that Petitioner's petition is barred by principles of *res judicata*. *See id.*

## III. DISCUSSION

### A. Standard of Review

Respondents seek summary relief in the nature of judgment on the pleadings. *See* Appl. for Summ. Relief, 9/28/23; Pa.R.A.P. 1532 (noting that relief is akin to that provided under the Pennsylvania Rules of Civil Procedure); Pa.R.Civ.P. 1034(a) ("After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings."). "A motion for judgment on the pleadings is in the nature of a demurrer in which all of the nonmovant's well-pleaded allegations are viewed as true, but only those facts specifically admitted by the nonmovant may be considered against him." *Sch. Express, Inc. v. Upper Adams Sch. Dist.,* 303 A.3d 186, 194 (Pa. Cmwlth. 2023) (quoting *Kerr v. Borough of Union City*, 614 A.2d 338, 339 (Pa. Cmwlth. 1992)). We will confine our review to the pleadings and documents properly attached to those pleadings. *Id.* The moving party's right to relief must be clear and "so free from doubt that trial would be a fruitless exercise." *Id.* (quoting *N. Sewickley Twp. v. LaValle*, 786 A.2d 325, 327 (Pa. Cmwlth. 2001)).

## B. Statute of Limitations

Respondents assert that Petitioner's claims are time-barred by the statute of limitations. Resp'ts' Br. at 11. According to Respondents, the statute of limitations for claims challenging Act 84 deductions is two years. *Id.* Respondents note that the initial deduction from Petitioner's inmate account occurred on December 10, 2016, yet Petitioner did not initiate this action until May of 2023, more than six years later. *See id.* at 11-12. Thus, Respondents conclude, the statute of limitations has expired. *Id.*

Petitioner's counterargument is not entirely clear. *See generally* Pet'r's Br. While he concedes that repeated, wrongful conduct will not toll the statute of limitations, Petitioner nevertheless suggests that this Court should recognize a novel, continuing tort theory. *See* Pet'r's Br. at 7. According to Petitioner, the Court should not focus on the initial deduction from his account, nor the ongoing deductions that followed, but rather the Court should focus upon Respondents' "princip[al] error," which Petitioner asserts is a repeated misinterpretation and misapplication of his sentencing order. *See id.* at 7-8. Unlike the financial injury resulting from allegedly wrongful deductions, Petitioner concludes that this principal error constitutes a continuous tort that tolls the statute of limitations.[7] *See id.* In what we discern to be an alternative argument, Petitioner also suggests that his reasonable diligence in commencing this litigation warrants equitable tolling of the statute of limitations.[8] *See id.* at 7.

---

[7] Petitioner offers no legal support for this conclusion but further asserts that Respondents have placed him in financial jeopardy that has "create[d] a liberty interest in . . . his property" and a "violat[ion] of their fiduciary duty to [him] . . . ." Pet'r's Br. at 8. We do not reach the merits of these bald assertions.

[8] In support, Petitioner cites *Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013) (granting a habeas petitioner equitable relief from a federal statute of limitations where that petitioner exercised reasonable diligence in the face of extraordinary circumstances).

A statute of limitations is a procedural device that sets a time limit for bringing a legal claim. *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 246 (Pa. 2021). Such statutes "serve several purposes: imposing finality on the litigation system; providing defendants with an end to their potential liability; and avoiding litigation of disputes involving stale evidence." *Nicole B. v. Sch. Dist. of Phila.*, 237 A.3d 986, 994 (Pa. 2020). Generally, upon expiration of the limitations period, the statute of limitations bars the claim. *Rice*, 255 A.3d 246-47.

The limitations period commences when a cause of action accrues. 42 Pa.C.S. § 5502(a). A cause of action accrues when an injury is inflicted. *Rice*, 255 A.3d at 246; *Gleason v. Borough of Moosic,* 15 A.3d 479, 484 (Pa. 2011). The length of a limitations period will depend on the nature of the claim. *See, e.g.*, 42 Pa.C.S. §§ 5524 (setting a two-year limitations period for a variety of claims including actions against government officers for the nonpayment of money), 5525 (setting a four-year period for claims sounding in contract).

To ameliorate "the harsh result of barring otherwise legitimate claims," courts may employ equitable principles to pause or "toll" the limitations period. *Nicole B.*, 237 A.3d at 994. Equitable tolling is an "umbrella concept encompassing a variety of rationales." *Id.* at 995 (cleaned up). For example, tolling may be permitted where there has been fraud or concealment, an injured party is unaware of the injury or its cause, or a plaintiff timely asserts his rights in the wrong forum. *See id.* at 995-96.

Nevertheless, a party bringing suit must exercise reasonable diligence to remain informed of the facts and circumstances upon which the right to recovery is based and to bring suit within the prescribed period. *Gleason,* 15 A.3d at 484. To demonstrate reasonable diligence, a party must demonstrate that "he exhibited those

5

qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." *Wilson v. El-Daief*, 964 A.2d 354, 363 n.6 (Pa. 2009).

In Act 84 deduction cases, the relevant limitations period is two years. *Morgalo v. Gorniak*, 134 A.3d 1139, 1149 (Pa. Cmwlth. 2016) (*en banc*); *see* 42 Pa.C.S. § 5524(6).[9] Further, an inmate's cause of action accrues on the date of the first Act 84 deduction. *Morgalo*, 134 A.3d at 1149; *Bundy v. Wetzel* (Pa. Cmwlth., No. 553 M.D. 2016, filed Apr. 12, 2019), slip op. at 10-11, 2019 WL 1613026 at *5.[10] Finally, it is well settled that a continuing violation, *i.e.*, repeated or recurring deductions, does not toll the statute of limitations. *Zellie v. Dep't of Corr.* (Pa. Cmwlth., No. 97 M.D. 2011, filed Mar. 1, 2012), slip op. at 7-8, 2012 WL 8666741 at *3.[11]

Here, DOC made the first deduction from Petitioner's inmate account on December 16, 2016. Resp'ts' Answer & New Matter, Ex. D, at 1.[12] Thus,

---

[9] Section 5524(6) sets a two-year limitations period for "action[s] against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession." 42 Pa.C.S. § 5524(6). The *Morgalo* Court reasoned that this section was most appropriate because DOC had collected funds from an inmate account and refused to return those funds on demand, thus constituting the nondelivery of property in its possession. 134 A.3d at 1149.

[10] We may cite unreported decisions for their persuasive value. 210 Pa. Code § 69.414(a).

[11] The *Zellie* panel considered a challenge to Act 84 deductions but relied on precedent addressing analogous circumstances. *See Casner v. Am. Fed'n of State, Cnty. & Mun. Emps.*, 658 A.2d 865, 871 (Pa. Cmwlth. 1995) (rejecting a continuing violation argument where union members allegedly suffered repeated and ongoing loss of pay and benefits). The *Casner* Court explained that crediting a continuing violation "rationale would effectively render the limitation period for any cause of action alleging loss of payment meaningless . . . ." *Id.*; *see also Fleming v. Rockwell*, 500 A.2d 517, 519 (Pa. Cmwlth. 1985) (succinctly rejecting as "totally without merit" a plaintiff's argument that a continuing constitutional violation tolled the statute of limitations because "[a]ccrual occurs at the time when the plaintiff could have first maintained the action to a successful conclusion").

[12] Petitioner concedes the date of the first deduction. Answer to New Matter, 7/20/23, ¶ 6.

Petitioner's cause of action accrued on that date. *Rice*, 255 A.3d at 246; *Morgalo*, 134 A.3d at 1149; *Bundy*, slip op. at 10-11, 2019 WL 1613026 at \*5. Petitioner had two years from that date to commence this litigation. *Morgalo*, 134 A.3d at 1149; *Bundy*, slip op. at 10-11, 2019 WL 1613026 at \*5; 42 Pa.C.S. §5524(6). However, Petitioner did not commence this litigation until May 10, 2023, more than six years after the initial deduction from his account. *See* Pet. for Rev. Thus, the relevant statute of limitations bars his claim. *Rice*, 255 A.3d 246-47.

Petitioner's counterarguments are not persuasive. Specifically, we reject his argument that the focus of our inquiry should be on the alleged misinterpretation of his sentencing order rather than the multiple deductions from his inmate account. Even if we were to accept Petitioner's allegation that DOC has repeatedly and errantly interpreted the terms of his sentence, there is no legal support for his assertion that this "principal error" constitutes a continuing violation that would toll the statute of limitations.[13] *See Zellie*, slip op. at 7-8, 2012 WL 8666741 at \*3.

Further, we discern no equitable reasons to toll the limitations period. In this case, DOC informed Petitioner that it would commence Act 84 deductions approximately two months prior to its first deduction from Petitioner's inmate account. *See* Resp'ts' Answer & New Matter, 6/21/23, Ex. A. Therefore, DOC did not conceal its conduct. Indeed, Petitioner immediately viewed the deductions as injurious, filing his first grievance in November 2016, even before the initial

---

[13] We remain mindful of our standard of review, yet we cannot ignore the language of the sentencing order attached to Petitioner's pleadings. The order begins by sentencing Petitioner to serve 15-40 years incarcerated in a state correctional institution, all of which fall under the supervision of DOC. *See* Pet. for Rev., Ex. A at 2. The order also directs that Petitioner will pay the costs of prosecution within "the first 15 [years]" of his "*supervision*/release from custody in monthly installments as directed, and as authorized by law." *Id.* (emphasis added). Petitioner remains under the supervision of DOC. *See* Pet. for Rev., ¶ 2.

7

deduction from his account. *See id.* at Ex. C. Clearly then, Petitioner perceived an injury to his interests, challenged the deductions administratively, yet failed to bring this action within the prescribed limitations period. Thus, we do not agree with Petitioner's suggestion that he has acted with reasonable diligence that warrants equitable tolling of the statute of limitations. *See Gleason,* 15 A.3d at 484; *Wilson,* 964 A.2d at 363 n.6.

## IV. CONCLUSION

For these reasons, Petitioner's claim is time-barred. *See Rice*, 255 A.3d 246-47. Therefore, we grant Respondents' application for summary relief and dismiss Petitioner's petition for review with prejudice.[14] Pa.R.A.P. 1532; *Sch. Express,* 303 A.3d at 194.

_____
**LORI A. DUMAS, Judge**

---

[14] Respondents also assert that Petitioner's claims are barred by *res judicata*. Resp'ts' Br. at 8. Petitioner previously filed a similar petition for review, and this Court likewise determined that Petitioner's claims were time-barred. *See Mitwalli v. Pa. Dep't of Corrs.* (Pa. Cmwlth., No. 15 M.D. 2019, filed Oct. 12, 2022) (*per curiam* mem. & order). However, in light of our disposition, we need not address Respondents' second issue.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walid Esmat Mitwalli,         :
           Petitioner      :
                      :   No.  240 M.D. 2023
         v.              :
                      :
PA Department of Corrections,  :
Laurel Harry, Secretary, DOC Central  :
Office Business Manager, et al.,  :
          Respondents   :

# **O R D E R**

AND NOW, this 3rd day of September, 2024, the application for summary relief, filed on September 28, 2023, is GRANTED, and the petition for review, filed by Walid Esmat Mitwalli on May 10, 2023, is DISMISSED with prejudice.

_____
**LORI A. DUMAS, Judge**